FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
CASE NO.

2015 NOV -9  AM 11: 21

5:15-CV-574-Oc-30 PRL

JOSEPH B. MURPHY, an individual,

        Plaintiff,

v.

CREDIT PROTECTION ASSOCIATION, L.P.,
a Texas limited partnership,

        Defendant.

_____/

## COMPLAINT
## JURY TRIAL DEMANDED

1.    This action arises from Defendant Credit Protection Association, L.P.'s violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"). Defendant repeatedly and unlawfully called Plaintiff's cellular telephone in an attempt to collect a debt from someone other than Plaintiff.

### JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. § 1331 because this action arises under the laws of the United States. Venue is proper in this District under 28 U.S.C. § 1391 because Defendant's business activity in the State of Florida subject it to personal jurisdiction here at the time the action

1

is commenced and a substantial part of the events giving rise to the claim occurred here.

## PARTIES

3.     Plaintiff JOSEPH B. MURPHY ("Plaintiff") is a natural person who currently resides in Fairfax County, Virginia.

4.     Plaintiff is the holder of the cellular telephone at issue in this action and, at all times relevant herein, exercised complete dominion and control of said telephone.

5.     Defendant, CREDIT PROTECTION ASSOCIATION, L.P. ("Defendant"), is a Texas limited partnership whose principal office is located at 13355 Noel Rd., Ste. 2100, Dallas, TX 75380 and whose registered agent for service of process in the State of Florida is CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.

6.     Defendant is registered as a consumer collection agency in the State of Florida and, upon information and belief, was engaged in debt collection in the State of Florida at all times relevant herein.

## FACTUAL ALLEGATIONS

7.     On various dates and on various times within the four (4) years prior to the filing of this Complaint, Defendant placed not less than thirty

(30) calls to Plaintiff in an attempt to collect a debt from someone other than the Plaintiff.

8.     A number of the calls were received by Plaintiff while he was in the State of Florida.

9.     The prerecorded messages left on Plaintiff's voice mail system allowed Plaintiff to conclude that the subject calls were from the Defendant and made using an automatic telephone dialing system or an artificial or prerecorded voice and, moreover, to conclude that Defendant was attempting to reach someone other than the Plaintiff.

10.     Plaintiff has never provided Defendant with his cellular telephone number, or provided Defendant with his prior express consent to place calls to his cellular telephone number. Instead, Defendant likely obtained Plaintiff's cellular telephone number through some form of skip tracing activity, entered the number into its automatic dialing system, and began placing calls to Plaintiff— without ever attempting to verify who the number actually belonged to.

## COUNT I
## VIOLATIONS OF TELEPHONE CONSUMER PROTECTION ACT

11.     Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

3

12. The TCPA prohibits making "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii). "The TCPA is essentially a strict liability statute" that "does not require any intent for liability except when awarding treble damages." *Alea London Ltd. v. Am. Home Servs., Inc.*, 638 F.3d 768, 776 (11th Cir. 2011).

13. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) of the Telephone Consumer Protection Act by making telephone calls to Plaintiff's cellular telephone with an automatic telephone dialing system or an artificial or prerecorded voice— none of which were legally permissible under any provision to the aforementioned statute.

WHEREFORE, Plaintiff JOSEPH B. MURPHY requests that the Court enter judgment in his favor and against Defendant CREDIT PROTECTION, L.P. for:

    a    $500 dollars in statutory damages for each call made in violation of the TCPA;

b.   $1500 dollars in statutory damages for each of the aforementioned calls held to have been made knowingly or willfully;

c.   A permanent injunction prohibiting Defendant from placing non-emergency calls to Plaintiff's cellular telephone by use of an automatic telephone dialing system;

d.   A declaratory judgment that Defendant has violated Plaintiff's rights under the TCPA,

e.   To the extent provided by law, attorney's fees, litigation expenses and costs of the instant suit; and

f.   Such other or further relief as the Court deems proper.

## JURY DEMAND

14.   Plaintiff demands trial by jury.

Dated: November 4, 2015                    Respectfully submitted,

                                           s/ Scott D. Owens
                                           Scott D. Owens, Esq.
                                           SCOTT D. OWENS, P.A.
                                           3800 S. Ocean Dr., Ste. 235
                                           Hollywood, FL 33019
                                           Tel: 954-589-0588
                                           Fax: 954-337-0666
                                           scott@scottdowens.com